IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Charleston Division

**DELBERT KEVIN CORDLE,**

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION, LLC,**

    Defendants.

2:24-cv-594

Civil Action No. ___-cv-_____

## COMPLAINT

In this case, which is representative of numerous others, Defendants TransUnion, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") combined or mixed Plaintiff's credit file with another person, which resulted in the publication of inaccurate information, including credit cards and account inquiries. This case involves Defendants' repeated insistence on inaccurately reporting Plaintiff's credit. Despite requests for reinvestigation and correction by Plaintiff, Defendants failed to reasonably investigate Plaintiff's disputes and continued to inaccurately report that Plaintiff had a serious delinquency on an accounts that he had never opened. Plaintiff brings this action for actual, statutory, and punitive damages, and for costs and attorney's fees, pursuant to the Fair Credit Reporting Act.

## PARTIES

1. Plaintiff Delbert Cordle ("Plaintiff" or "Mr. Cordle") is a resident of Fayette County, West Virginia, which is within the territorial confines of the Southern District of West Virginia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. (a) Defendant Experian Information Solutions, Inc. (Experian), is an Ohio corporation registered to do business in West Virginia with its principal office address located at 475 Anton Boulevard, Costa Mesa, CA, 92626.

(b) Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c) Experian disburses such consumer reports to third parties under contract for monetary compensation.

3. (a) Defendant Trans Union LLC (Trans Union), is an Illinois corporation registered to do business in West Virginia with its principal office address located at 555 West Adams, Chicago, IL 60661.

(b) Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c) Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

**STATEMENT OF FACTS**

5. Plaintiff Delbert Kevin Cordle resides in the City of Oak Hill, Fayette County, WV.

6. In the summer of 2023, Plaintiff began receiving debt collection communications from LVNV Funding LLC for a WebBank/Fingerhut account.

7. Plaintiff never opened an account with WebBank/Fingerhut.

8. Upon reviewing his credit disclosure, Plaintiff identified multiple accounts that did not belong to him that were being reported on his disclosure.

9. Plaintiff identified a 'hard inquiry' on his credit report from Capital One in June 2023.

10. The plaintiff contacted the Capital One address in Utah to inform the bank that he had not applied for credit.

11. Capital One assured Plaintiff that it would mark the account.

12. Plaintiff prepared an identity theft affidavit in June 2023.

13. Nonetheless, Capital One opened the account and thereafter reported its status to the credit reporting agencies.

14. Plaintiff disputed these false tradelines by mailing letters to Experian, Equifax, and TransUnion in June 2023.

15. Defendants Experian and Trans Union did not correct Plaintiff's credit disclosure.

16. Instead, Defendants confirmed that Plaintiff owed these accounts that did not belong to him from Capital One, LVNV/Resurgent, and WebBank/Fingerhut.

17. Defendants showed multiple inaccuracies on Plaintiff's credit report.

18. Defendants reported numerous inaccuracies related to Plaintiff's accounts, aliases, and inquiries from creditors.

19. Experian reported that Plaintiff had two social security numbers on its July 11, 2023 credit disclosure.

20. Despite this internally conflicting information, Defendants never undertook any steps to investigate, identify, or correct possible inaccuracies in its reporting on Plaintiff's credit following his dispute.

21. Defendants included this information in Plaintiff's credit report due to its lax threshold designed to over-include information in consumer reports.

22. These derogatory and mismatched sets of credit information severely reduce Plaintiff's credit score.

23. Plaintiff attempted to file a police report in July 2023 but was told the local police do not take reports on cyber crimes without more specific information.

24. Plaintiff did not have more specific information because he did not open the accounts.

25. In or around November 2023, Plaintiff sent a second dispute letter to Defendants, asking that Defendants to investigate and correct his account.

26. On December 16, 2023, Trans Union confirmed again that Plaintiff owed an account to Capital One and to LVNV Funding LLC that he never opened.

27. On December 29, 2023, Experian confirmed again that Plaintiff owed an account to Capital One and to LVNV Funding LLC that he never opened.

28. Plaintiff was never contacted by Experian during the investigation of either written dispute.

29. Plaintiff was never contacted by Trans Union during the investigation of either written dispute.

30. In an attempt to speak directly with a dispute operator, Plaintiff placed a telephone call to Experian on March 1, 2024 at 11:40am and spoke to Cheryl.

31. In an attempt to speak directly with a dispute operator, Plaintiff placed a telephone call to Trans Union on February 12, 2024.

32. Experian refused to discuss his dispute over the telephone.

33. Trans Union refused to discuss his dispute over the telephone.

34. In May 2024, Plaintiff sent yet another dispute letter to Trans Union.

35. In May 2024, Plaintiff sent yet another dispute letter to Experian.

36. Experian responded in August 2024, refusing to place an identity theft block on Plaintiff's credit report.

37. Experian responded thereafter by verifying that Plaintiff owed a debt buyer for the Capital One debt.

38. Trans Union responded in August 2024 by verifying the LVNV account.

## Damage

39. Defendants failed and refused to perform a meaningful and searching inquiry into the substance of Plaintiff's dispute and to accurately report Plaintiff's credit line relating to his credit.

40. After sending its Investigation Results to Plaintiff, Defendants prepared and published to third-parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory credit information.

41. As the result of Defendants' conduct, Plaintiff has suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

42. Due to the inaccurate credit reporting, Plaintiff has denied the opportunity to finance a boat in 2022 due to the inaccurate information, higher insurance rates, and avoided credit opportunities, such as refinancing his truck, due to the likelihood of higher interest rates.

43. Plaintiff attempted to purchase a vehicle in September 2024 but was rejected by Chase Bank on the terms he sought after Chase Bank reviewed his Experian profile.

44. Chase Bank only offered an excessive interest rate and shorter payment term that nearly doubled the advertised offer at the dealership.

45. Plaintiff was denied credit by Peoples Bank after it reviewed his Trans Union profile.

### COUNT ONE:
### (Violation of 15 U.S.C. § 1681i)
### FAILURE TO REINVESTIGATE

46. Plaintiff incorporates all of the preceding paragraphs by reference.

47. Defendants Experian and TransUnion failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

48. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

49. As a result of Defendants' action and inaction, the Plaintiff suffered actual damages, including but not limited to damage to his credit rating, lost opportunities to enter into

consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

      **WHEREFORE**, Plaintiff respectfully requests the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;

    (b)    Actual damages;

    (c)    Punitive damages;

    (d)    Reasonable attorney's fees and the costs of this litigation;

    (e)    Pre-judgment and post-judgment interest at the legal rate;

    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and

    (g)    Such other relief as the Court deems equitable, just, and proper.

### COUNT TWO:
### (Violation of 15 U.S.C. § 1681e(b))
### FAILURE TO ASSURE ACCURACY

50. Plaintiff incorporates all of the preceding paragraphs by reference.

51. Defendants Experian and TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

52. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

53. As a result of Defendants' action and inaction, the Plaintiff suffered actual damages, including but not limited to damage to his credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(5))
### REPORTING INFORMATION WHICH IT CANNOT VERIFY

54. Plaintiff incorporates all of the preceding paragraphs by reference.

55. Defendants Experian and TransUnion failed to delete the false tradelines from the credit report and credit files maintained and published concerning Plaintiff after a reinvestigation would have found the data to be unverifiable, in violation of 15 U.S.C. § 1681i(a)(5).

56. Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

57. As a result of Defendants' action and inaction, the Plaintiff suffered actual damages, including but not limited to damage to his credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Plaintiff,
DELBERT KEVIN CORDLE,
By Counsel,**

/s/ Benjamin M. Sheridan
Benjamin M. Sheridan (# 11296)
    ben@kleinsheridan.com
Jed R. Nolan (#10833)
    jed@kleinsheridan.com
Counsel for Plaintiffs
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111