# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

DELBERT KEVIN CORDLE,

    Plaintiff,

v.                                                     CIVIL ACTION NO. 2:24-cv-00594

EXPERIAN INFORMATION SOLUTIONS
INC., et al.,

    Defendants.

# ORDER

This matter is before the Court on Plaintiff's *Motion to Compel Discovery Responses and a Deposition Witness from Defendant Trans Union, LLC*, filed on May 7, 2025 (ECF No. 28). Defendant Trans Union, LLC ("Trans Union") filed its response to Plaintiff's motion on May 21, 2025 (ECF No. 31), and Plaintiff filed a reply thereto on May 28, 2025 (ECF No. 33). On June 6, 2025, Plaintiff and Trans Union filed a *Joint Status Report* informing the Court that they narrowed the scope of their dispute. (ECF No. 35). As such, the motion is fully briefed and ripe for adjudication as modified by the parties. For the reasons set forth herein, Plaintiff's *Motion to Compel Discovery Responses and a Deposition Witness from Defendant Trans Union, LLC* (ECF No. 28) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

Plaintiff Delbert Kevin Cordle ("Plaintiff"), by counsel, initiated this civil action against Defendants, Experian Information Solutions, Inc. ("Experian") and Trans Union,

on October 21, 2024. (ECF No. 1). In his *Complaint*, Plaintiff alleges that Defendants combined or mixed his credit file with another person, which resulted in the publication of inaccurate information and "Defendants' repeated insistence on inaccurately reporting Plaintiff's credit." *Id*. Plaintiff seeks "actual, statutory, and punitive damages, and for costs and attorney's fees, pursuant to the Fair Credit Reporting Act [("FCRA")]." *Id*. The Court entered its operative *Scheduling Order* on January 24, 2025, pursuant to which the parties' deadline to complete discovery is October 6, 2025. (ECF No. 15).

Plaintiff filed his subject motion to compel on May 7, 2025, raising a number of issues therein. (ECF No. 28). After the parties completed briefing on the motion, the undersigned entered an *Order* directing them to confer and make a good-faith effort to narrow the areas of their disagreement to the greatest possible extent in accordance with Rule 37.1(b) of the Court's Local Rules of Civil Procedure. (ECF No. 34). Pursuant to the Court's *Order*, the parties filed a timely *Joint Status Report* on June 6, 2025. (ECF No. 35). Therein, the parties inform the Court that they have narrowed their areas of dispute for judicial resolution to just three "deposition topics" contained in the deposition notice Plaintiff served on Trans Union. *See id*. The parties agree that their previously-filed briefing adequately addresses their dispute as to each of the three topics. (*See* ECF No. 31 at 8-13; ECF No. 33 at 6-7).

II. **DISCUSSION**

The subject deposition notice seeks Trans Union's corporate-representative deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF No. 28-5). The parties' disagreement extends to the following three topics noticed therein:

> w. The number of reinvestigations of credit disputes handled by the deponent on an annual basis and economic resources attributable to those reinvestigations.

2

> x. Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Deponent.
>
> y. The budgetary allocation of resources of the deponent to reinvestigations of credit reporting disputes.

*See id*. In its response brief in opposition to Plaintiff's motion to compel, Defendant Trans Union argues that these three topics "seek information not available and/or information that is neither relevant nor proportional to the needs of the case." (ECF No. 31 at 9). While the parties generally agree that information regarding Trans Union's reporting procedures is relevant to Plaintiff's claims, Trans Union asserts that it should not be compelled to provide a witness to testify on these topics because "Plaintiff provides no support for how these specific deposition topics seek discoverable information." *Id*. Each topic is addressed in turn herein, *infra*.

    **A.    Deposition Topic W**

As set forth *supra*, topic "w" of Plaintiff's deposition notice concerns "[t]he number of reinvestigations of credit disputes handled by the deponent on an annual basis and economic resources attributable to those reinvestigations." (ECF No. 28-5). In support of its burden in resisting the discovery propounded by the Plaintiff, Defendant Trans Union argues that this topic does not seek discoverable information because "the number of disputes received and processed each year is not probative of the reasonableness of Trans Union's procedures." (ECF No. 31 at 10). The total number is not probative because there are no procedural or administrative prerequisites to guide consumers' submission of disputes, which vary widely in type and substance. *Id*. Further, Trans Union argues that "it would be impossible to determine at a granular level what economic resources were attributable to those reinvestigations" since "Trans Union does not track or maintain

statistics regarding the cost of each individual reinvestigation[.]" *Id.* at 11. Trans Union argues that the amount of economic resources attributable to the reinvestigations is likewise not probative because "Plaintiff has not and cannot demonstrate that the outcome of his disputes would have been any different if Trans Union attributed more resources toward processing them." *Id.* Trans Union explains that "the amount of money that was spent or could have been spent is not relevant" because "when Plaintiff ultimately disputed by mail, he failed to provide an identity theft report that would have required Trans Union to block its reporting of the accounts." *Id.* at 11-12. "Without such proof, Trans Union had no obligation under the FCRA to do anything differently than contacting the creditors, providing them with all relevant information provided by Plaintiff and asking them to investigate their records." *Id.* at 12 (citing 15 U.S.C. § 1681c-2).

In his reply brief, Plaintiff responds that "Trans Union's subjective belief that it is appropriately interpreting its duty to investigate and allocating appropriate resources to reinvestigations under the FCRA is irrelevant," because "[w]illful violations can be proven by showing not only knowing, intentional violations, but also violations in reckless disregard of the law." (ECF No. 33 at 6) (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007)). Plaintiff reasons that "[a] trier of fact could hear the evidence regarding the resources allocated by Trans Union to FCRA reinvestigations and determine that Trans Union recklessly disregarded a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 7. As a result, Plaintiff requests that Trans Union "be ordered to testify regarding these resource allocations as requested." *Id.*

Rule 26(b)(1) sets forth the scope of discovery under the Federal Rules of Civil Procedure, providing that "[p]arties may obtain discovery regarding any nonprivileged

4

matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar." *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). As such, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Information sought is relevant if it "bears on, [or] reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, "[s]imply because information is discoverable under Rule 26 . . . does not mean that discovery must be had." *Scott Hutchison Enters., Inc.*, 3:15-cv-13415, 2016 WL 5219633, at *2 (S.D. W. Va. Sept. 20, 2016) (citing *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004)). While discovery under the Federal Rules is broad, "all permissible discovery must be measured against the yardstick of proportionality" under the Rule 26(b)(1) standard. *United States v. Neuberger*, 22-cv-2977, 2024 WL 3370582, at *1 (D. Md. Apr. 16, 2024).

As Plaintiff explains, the discovery sought pertains to the issue of willfulness. Willfulness involves a question of fact for the jury; thus, Plaintiff will have the burden to present sufficient facts from which a reasonable jury could conclude that Defendant Trans Union acted willfully—or in reckless disregard of its statutory duty—in allegedly violating the FRCA. Plaintiff is clearly entitled to question Trans Union's corporate representative regarding its practices concerning FCRA compliance, including its practices concerning reinvestigations and the resources it allocates thereto, in general terms. However, the undersigned agrees with Trans Union that it would not be proportional to the needs of the case to require its 30(b)(6) designee to "determine at a granular level what *economic resources* were attributable to those reinvestigations." (ECF No. 31 at 11) (emphasis added).

5

As the U.S. District Court for the Northern District of California noted, "courts have held that the jury should decide the question of willfulness where the evidence supports that a CRA's policies are cursory or do not appropriately address the specifics of individual disputes." *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1113 (N.D. Cal. 2016). *See also Bradshaw v. BAC Home Loans Servicing, LP*, 816 F.Supp.2d 1066, 1076 (D.Or.2011) (noting that "a reasonable jury could find that a CRA acted in reckless disregard of its duties by relying exclusively on automated procedures"). It is unclear how discovery regarding "the cost of each individual reinvestigation," as Trans Union characterizes, would be proportionally probative of the issue—particularly when other deposition topics set forth on the notice and not in dispute between the parties are already directed to the overall resources Defendant allocates to reinvestigating disputed credit reportings. (*See* ECF No. 28-5). Accordingly, Plaintiff's motion to compel is **DENIED** with respect to deposition topic w.

### B.  Deposition Topic X

As set forth *supra*, topic "x" of Plaintiff's deposition notice concerns the "[a]mount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Deponent." (ECF No. 28-5 at 4). Defendant Trans Union argues that the amount of money spent to process disputes is not probative of the reasonableness of its procedures. (ECF No. 31 at 13). Moreover, Trans Union argues that, "even if it were, the disputes in this case were processed by a third-party contractor who independently staffs and pays its employees" and "[t]herefore, Trans Union could not provide any testimony relating to their compensation. *Id*. In his reply brief, Plaintiff once again points to the issue of willfulness in arguing that Defendant's allocation of resources to dispute investigations is relevant to Plaintiff's FCRA claims.

6

Under the circumstances, the undersigned **FINDS** that the information sought by Plaintiff in connection with deposition topic x is not proportional to the needs of the case. Importantly, Plaintiff does not dispute Trans Union's contention that an independent third-party contractor staffs and compensates the employees who processed the disputes in this case. Under the circumstances, the amount of money spent on employees to process disputes, without more, is not sufficiently probative of the willfulness issue to justify Defendant's preparation of a 30(b)(6) witness on this topic. Accordingly, Plaintiff's motion to compel is **DENIED** with respect to deposition topic x.

### C.    Deposition Topic Y

Lastly, as set forth *supra*, topic "y" of Plaintiff's deposition notice concerns "[t]he budgetary allocation of resources of the deponent to reinvestigations of credit reporting disputes." (ECF No. 28-5 at 4). In support of its burden in resisting the discovery propounded by the Plaintiff, Defendant Trans Union argues that the information sought by this topic is not available because "Trans Union does not maintain a specified budget or allocation of resources to process consumer disputes, due in large part to the substantial resources required across every area of Trans Union's operations to enable it to receive and report information and to respond to consumer disputes." (ECF No. 31 at 13). Further, Trans Union explains that "the disputes in this case were processed by a third-party contractor who independently staffs and pays its employees." *Id.* Finally, Trans Union argues that, "even if the amount of money paid to the third-party contractor could be determined, the testimony . . . would not be probative to the reasonableness of Trans Union's procedures because Plaintiff has not and cannot demonstrate that the outcome of his disputes would have been any different if Trans Union attributed more resources toward processing them." *Id.*

7

The undersigned **FINDS** that the information sought by Plaintiff in connection with topic y is relevant and proportional to the needs of the case, to the extent Plaintiff seeks to inquire as to the annual amount budgeted and/or allocated to the third-party contractor that Trans Union identified as responsible for processing the disputes at issue in this case. Trans Union's argument—that the outcome of Plaintiff's disputes would not have been any different if Trans Union attributed more resources toward processing them—is a defense that pertains more to admissibility than to discoverability. Under the circumstances, this relatively straightforward inquiry is reasonably tethered to the willfulness issue to merit Plaintiff's examination of the 30(b)(6) witness. Accordingly, Plaintiff's motion to compel is **GRANTED** with respect to deposition topic y, as limited by the undersigned in this section, *supra*.

D.   **Fees and Costs**

Plaintiff requested an award of fees and costs incurred in bringing the motion to compel. (ECF No. 28 at 12). Rule 37 of the Federal Rules of Civil Procedure governs motions for an order compelling disclosure or discovery. The Rule specifies that, when a motion to compel discovery is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Generally, an award is not appropriate if the opposing party's nondisclosure, response or objection was substantially justified, such that there is a "genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." *Norfolk S. Ry. Co. v. Pioneer Fuel Corp.*, 5:04-cv-0770, 2005 WL 8159529, at *2 (S.D.W. Va. Oct. 7, 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). In other words, the party resisting discovery is substantially justified "if the motion raised an issue about which reasonable people could genuinely differ on whether

8

a party was bound to comply with a discovery rule." *Id*. In light of the undersigned's determination that Trans Union's objections were sustained in part and granted in part, the undersigned **FINDS** that an award of fees and costs is not warranted under the circumstances. Accordingly, Plaintiff's request for an award of fees and costs is **DENIED**.

### III. CONCLUSION

In light of the foregoing, **IT IS ORDERED** that Plaintiff's *Motion to Compel Discovery Responses and a Deposition Witness from Defendant Trans Union, LLC* (ECF No. 28) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth hereinabove.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to terminate ECF No. 28, and to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTERED: June 11, 2025

Dwane L. Tinsley
United States Magistrate Judge